UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | RE:<br>24 Echo Valley Estate, Rome, ME 04963 |
| Douglas M. Hall | Mortgage:<br>February 23, 2004<br>Book 7839, Page 88<br>Kennebec Registry of Deeds |
| Defendant | |
| Watson Pond Landowners Association | |
| Party-in-Intrest | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Douglas M. Hall, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs.  Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Loan Repayment and Security Agreement executed under seal

currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendants, Douglas M. Hall is the obligor and the total amount owed under the terms of the Loan Repayment and Security Agreement as of April 11, 2023, is Two Hundred Ninety-Three Thousand Eight Hundred Fifteen and 17/100 ($293,815.17) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a National Association formulated under the Laws of the United States of America with its principal (and main) place of business located at 300 East Delaware Avenue, 8th Floor. Wilmington, DE. 19809

5. The Defendant, Douglas M. Hall, is a resident of Rome, County of Kennebec and State of Maine.

6. The Party-in-Interest, Watson Pond Landowners Association, is located at c/o Dennis Phillips, 955 Augusta Road, Rome, ME 04963.

## FACTS

7. On June 30, 1993, by virtue of a Warranty Deed from Mark David Bergeron and Ralph Edward Bergeron, which is recorded in the Kennebec Registry of Deeds in **Book 4436, Page 282**, the property situated at 24 Echo Valley Estate, City/Town of Rome, County of Kennebec, and State of Maine, was conveyed to Douglas M. Hall and Stephanie M. Burbank, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On February 23, 2004, Defendants, Douglas M. Hall and Stephanie M. Burbank a/k/a Stephanie M. Hall, executed and delivered to Beneficial Maine, Inc. a certain Loan Repayment and Security Agreement under seal in the amount of $202,104.65. *See* Exhibit B (a true and correct copy of the Lost Note Affidavit is attached hereto and incorporated herein).

9. To secure said Loan Repayment and Security Agreement, on February 23, 2004, Defendants, Douglas M. Hall and Stephanie M. Burbank a/k/a Stephanie M. Hall, executed a Mortgage Deed in favor of Beneficial Maine, Inc., securing the property located at 24 Echo Valley Estate, Rome, ME 04963 which Mortgage Deed is recorded in the Kennebec Registry of Deeds in **Book 7839**, **Page 88**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. Upon Information and belief, Stephanie Burbank a/k/a Stephanie M. Hall died on April 11, 2005.

11. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated December 3, 2014 and recorded in the Kennebec Registry of Deeds in **Book 11867**, **Page 38**. *See* Exhibit D (a true

and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. On November 18, 2017, the Defendant, Douglas M. Hall, executed a Loan Modification Agreement which adjusted the principal amount of the Loan Repayment and Security Agreement to $171,702.71 (herein after referred to as the "Loan Modification"), which acknowledged the enforceability of both the Loan Repayment and Security Agreement and Mortgage as of that date by that holder. That enforceability remains effective as of today's date by the Plaintiff and provides the Plaintiff with standing in this foreclosure and sale action. *See* Exhibit E (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

13. On March 10, 2023, the Defendant, Douglas M. Hall, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit F (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

14. The Demand Letter informed the Defendant, Douglas M. Hall, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit F.

15. The Defendant, Douglas M. Hall, failed to cure the default prior to the expiration of the Demand Letter.

16. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the present holder of the Loan Repayment and Security Agreement pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Loan Repayment and Security Agreement in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

17. Watson Pond Landowners Association is a Party-in-Interest pursuant to an Easement Deed dated September 5, 2018 and recorded in the Kennebec County Registry of Deeds in **Book 13019, Page 259**.

18. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Loan Repayment and Security Agreement and Mortgage.

19. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Loan Repayment and Security Agreement and Mortgage were strictly performed.

20. The total debt owed under the Loan Repayment and Security Agreement and Mortgage as of April 11, 2023 is Two Hundred Ninety-Three Thousand Eight Hundred Fifteen and 17/100 ($293,815.17) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $277,011.35 |
| Interest | $5,984.57 |
| Unpaid Late Charges | $409.60 |
| Escrow Advance | $6,738.29 |
| Suspense Balance | $-1.71 |
| Recoverable Corporate Advance Balance | $3,673.07 |
| Grand Total | $293,815.17 |

21. Upon information and belief, the Defendant, Douglas M. Hall, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

22. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 21 as if fully set forth herein.

23. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 24 Echo Valley Estate, Rome, County of Kennebec, and State of Maine. *See* Exhibit A.

24. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the holder of the Loan Repayment and Security Agreement referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Loan Repayment and Security Agreement in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, has the right to foreclosure and sale upon the subject property. *See Johnson v. Toothaker v. Bayview Loan Servicing, LLC,* 2022 WL 3278883 JDL (D. Me 2022), citing *Johnson v. Home State Bank,* 501 U.S. 78, 84 (1991).

25. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Loan Repayment and Security Agreement.

26. The Defendant, Douglas M. Hall, is presently in default on said Mortgage and Loan Repayment and Security Agreement, having failed to make the monthly payment due January 30, 2020, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Loan Repayment and Security Agreement.

27. The total debt owed under the Loan Repayment and Security Agreement and Mortgage as of April 11, 2023 is Two Hundred Ninety-Three Thousand Eight Hundred Fifteen and 17/100 ($293,815.17) Dollars.

28. The record established through the Kennebec Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

29. By virtue of the Defendant, Douglas M. Hall's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

30. Notice in conformity with 14 M.R.S.A. § 6111 and/or Loan Repayment and Security Agreement and Mortgage was sent to the Defendant, Douglas M. Hall, on March 10, 2023, evidenced by the Certificate of Mailing. *See* Exhibit F.

31. The Defendant, Douglas M. Hall, is not in the Military as evidenced by the attached Exhibit G.

32. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF LOAN REPAYMENT AND SECURITY AGREEMENT

33. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 32 as if fully set forth herein.

34. On February 23, 2004, Douglas M. Hall and Stephanie M. Burbank a/k/a Stephanie M. Hall, executed under seal and delivered to Beneficial Maine, Inc. a certain Loan Repayment and Security Agreement in the amount of $202,104.65. *See* Exhibit B.

35. The Defendant, Douglas M. Hall, is in default for failure to properly tender the January 30, 2020 payment and all subsequent payments. *See* Exhibit F.

36. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Loan Repayment and Security Agreement and is entitled to enforce the terms and conditions of the Loan Repayment and Security Agreement due to its breach by the Defendants, Douglas M. Hall and Stephanie M. Burbank a/k/a Stephanie M. Hall.

37. The Defendant, Douglas M. Hall, having failed to comply with the terms of the Loan Repayment and Security Agreement and Mortgage, is in breach of both the Loan Repayment and Security Agreement and the Mortgage.

38. The Defendant, Douglas M. Hall's, breach is knowing, willful, and continuing.

39. The Defendant, Douglas M. Hall's, breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

40. The total debt owed under the Loan Repayment and Security Agreement and Mortgage as of April 11, 2023, if no payments are made, is Two Hundred Ninety-Three Thousand Eight Hundred Fifteen and 17/100 ($293,815.17) Dollars.

41. Injustice can only be avoided by awarding damages for the total amount owed under the Loan Repayment and Security Agreement including interest, plus costs and expenses, including attorney fees.

42. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

43. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 42 as if fully set forth herein.

44. By executing, under seal, and delivering the Loan Repayment and Security Agreement, Douglas M. Hall and Stephanie M. Burbank a/k/a Stephanie M. Hall, entered into a written contract with Beneficial Maine, Inc. who agreed to loan the amount of $202,104.65 to the Defendants. *See* Exhibit B.

45. As part of this contract and transaction, Douglas M. Hall and Stephanie M. Burbank a/k/a Stephanie M. Hall, executed the Mortgage to secure the Loan Repayment and Security Agreement and the subject property. *See* Exhibit C.

46. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Loan Repayment and Security Agreement and successor-in-interest to Beneficial Maine, Inc., and has performed its obligations under the Loan Repayment and Security Agreement and Mortgage.

47. The Defendant, Douglas M. Hall, breached the terms of the Loan Repayment and Security Agreement and Mortgage by failing to properly tender the January 30, 2020 payment and all subsequent payments. *See* Exhibit F.

48. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Loan Repayment and Security Agreement, and is entitled to enforce the terms and conditions of the Loan Repayment and Security Agreement due to its breach by the Defendant, Douglas M. Hall.

49. The Defendant, Douglas M. Hall, having failed to comply with the terms of the Loan Repayment and Security Agreement and Mortgage, are in breach of contract.

50. The Defendant, is indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as of April, 11, 2023, in the sum of Two Hundred Ninety-Three Thousand Eight Hundred Fifteen and 17/100 ($293,815.17) Dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to the Defendant.

51. Defendant, Douglas M. Hall's, breach is knowing, willful, and continuing.

52. Defendant, Douglas M. Hall's, breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

53. The total debt owed under the Loan Repayment and Security Agreement and Mortgage as of April 11, 2023, if no payments are made, is Two Hundred Ninety-Three Thousand Eight Hundred Fifteen and 17/100 ($293,815.17) Dollars.

54. Injustice can only be avoided by awarding damages for the total amount owed under the Loan Repayment and Security Agreement and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

55. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant but only seeks *in rem* judgment against the property.

## COUNT IV – UNJUST ENRICHMENT

56. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 55 as if fully set forth herein.

57. Beneficial Maine, Inc., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendant, Douglas M. Hall, $202,104.65. *See* Exhibit B.

58. The Defendant, Douglas M. Hall, has failed to repay the loan obligation.

59. As a result, the Defendant, Douglas M. Hall, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to Beneficial Maine, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

60. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

61. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendant, Douglas M. Hall, is in breach of the Loan Repayment and Security Agreement by failing to make payment due as of November 30, 2018, and all subsequent payments;

d) Find that the Defendant, Douglas M. Hall, is in breach of the Mortgage by failing to make payment due as of November 30, 2018, and all subsequent payments;

e) Find that the Defendant, Douglas M. Hall, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Douglas M. Hall, are in breach of contract by failing to comply with the terms and conditions of the Loan Repayment and Security Agreement and Mortgage by failing to make the payment due November 30, 2018 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to enforce the terms and conditions of the Loan Repayment and Security Agreement and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Douglas M. Hall has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to restitution;

j) Find that the Defendant, Douglas M. Hall, is liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for money had and received;

k) Find that the Defendant, Douglas M. Hall. has appreciated and retained the benefit of the Mortgage and the subject property;

l) Find that it would be inequitable for the Defendant, Douglas M. Hall, to continue to appreciate and retain the benefit of the Mortgage, Loan Repayment and Security Agreement and subject property without recompensing the appropriate value;

m) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to restitution for this benefit from the Defendant, Douglas M. Hall;

n) Determine the amount due on said Mortgage and Loan Repayment and Security Agreement, including principal, interest, reasonable attorney's fees and court costs;

o) Additionally, issue a money judgment against the Defendants, Douglas M. Hall, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount of Two Hundred Ninety-Three Thousand Eight Hundred Fifteen and 17/100 ($293,815.17 Dollars, the total debt owed under the Loan Repayment and Security Agreement plus interest and costs including attorney's fees and costs (If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property);

p) Determine whether the Watson Pond Landowners Association is a Party-in-Interest pursuant to an Easement Deed dated September 5, 2018 and recorded in the Kennebec County Registry of Deeds in **Book 13019, Page 259;**

q) For such other and further relief as this Honorable Court deems just and equitable.

                                            Respectfully Submitted,
                                            U.S. Bank Trust, N.A., as Trustee for LSF9
                                            Master Participation Trust,
                                            By its attorneys,

Dated: April 28, 2023

                                            <u>/s/Reneau J. Longoria, Esq.</u>
                                            Reneau J. Longoria, Esq. Bar No. 005746
                                            Attorney for Plaintiff
                                            Doonan, Graves & Longoria, LLC
                                            100 Cummings Center, Suite 303C
                                            Beverly, MA 01915
                                            (978) 921-2670
                                            RJL@dgandl.com